UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TARIN KEENER, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SHADOW MOUNTAIN BEHAVIORAL )<br>HEALTH SYSTEM, LLC; )<br>UNIVERSAL HEALTH SERVICES, INC.; )<br>UHS OF DELAWARE, INC., )<br>)<br>Defendants. ) | Case No. 18-CV-490-JED-FHM |

**OPINION AND ORDER**

The Court has for its consideration the Motion to Dismiss or Stay and to Compel Arbitration (Doc. 13) filed by the defendants, Shadow Mountain Behavioral Health System, LLC, Universal Health Services, Inc., and UHS of Delaware, Inc., seeking to compel arbitration of the claims asserted by plaintiff, Tarin Keener, and to dismiss or stay the action pending arbitration.

**I.     Background**

According to the Complaint, plaintiff began employment as a Registered Nurse with defendants in June 2014. (Doc. 4). On or around June 4, 2014, plaintiff and defendants executed an Alternative Resolution for Conflicts Agreement (the "Agreement"), which requires submission to arbitration of "any dispute arising out of or related to Employee's employment with Shadow Mountain Behavioral System or one of its affiliates, subsidiaries or parent companies [] or termination of employment and survives after the employment relationship terminates." (Doc 13 at 5). The Agreement provides that "all such disputes [are] to be resolved only by an arbitrator through final and binding arbitration," according to the following pertinent terms:

> [T]his Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. . . .

1

> Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Agreement.
>
> [T]his Agreement also applies, without limitation to disputes regarding the employment relationship, compensation, breaks, and rest periods, termination, or harassment and claims arising under . . . Americans With Disabilities Act . . . Family Medical Leave Act . . . and state statues, if any, addressing the same or similar subject matters, and all other state statutory and common law claims . . .
>
> All claims in arbitration are subject to the same statutes of limitation that would apply in court. The party bringing the claim must demand arbitration in writing and deliver the written demand . . . to the other party within the applicable statute of limitations period. . .
>
> Arbitration is not a mandatory condition of employee's employment at the Company, and therefore an Employee may submit a form stating that the Employee wishes to opt out and not be subject to this Agreement.

(*Id.* at 9-13).

Plaintiff was terminated on March 3, 2017. On May 26, 2017 plaintiff issued a settlement demand to defendants. (Doc. 16-1). Defendants responded to Plaintiff's demand on June 9, 2017, requesting plaintiff submit her claims to arbitration pursuant to the Agreement. (Doc. 16 at 2). Plaintiff argues that the Agreement should not apply to her claims because she waived her right to demand arbitration and elected to proceed to district court instead. Further, she contends defendants' demand for arbitration is untimely and should be denied. Plaintiff then "rejected Defendants [sic] request and opted to pursue her claims in district court as outlined in her demand." (*Id.*) After completing the administrative requirements for her employment-related claims, plaintiff filed a complaint (Doc. 4) in this Court on September 21, 2018. Plaintiff alleges claims of disability discrimination under the Americans with Disabilities Act (ADA), Family and Medical Leave Act (FMLA) interference, and retaliation. (Doc. 4, ¶¶ 13-35).

## II. Discussion

Federal courts have "long recognized and enforced a liberal federal policy favoring arbitration agreements." *Dish Network L.L.C. v. Ray*, 900 F.3d 1240, 1243 (10th Cir. 2018) (citing *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83 (2002)). Arbitration should be compelled "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Phillips 66 Co.*, 839 F.3d 1198, 1204-05 (10th Cir. 2016) (quoting *United Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582-83, (1960)). "The question whether the parties have submitted a particular dispute to arbitration i.e. the 'question of arbitrability' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." *Howsam,* 537 U.S. at 83 (quoting *AT & T Tech., Inc. v. Comms. Workers,* 475 U.S. 643, 649 (1986)) (original emphasis omitted).

A motion to compel arbitration calls for a two-step inquiry regarding the arbitrability of the dispute. *AT & T Techs. Inc.,* 475 U.S. at 649. First, the Court must determine whether there is a valid arbitration agreement. *Id*. Plaintiff concedes that she executed the arbitration agreement voluntarily and did not exercise her option to opt out of the arbitration agreement. (Doc. 16 at 1). The FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has described the FAA as reflecting the "fundamental principle that arbitration is a matter of contract," and so an arbitration agreement is enforceable "on equal footing with other contracts." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). The final phrase of the FAA § 2, often referred to as the "saving clause," "permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability,

but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). In the present case, plaintiff has made no claim and offered no evidence of a contract defense that would invalidate the Agreement. In fact, plaintiff signed an express acknowledgement of her understanding that she could "opt-out" of the Agreement and the Agreement was "not a mandatory condition of employment." (Doc. 13 at 9).

The second step in determining the arbitrability of a dispute requires the Court to determine whether the particular dispute falls within the scope of the Agreement. *AT & T Techs. Inc.* 475 U.S. at 649. Neither party disputes that plaintiff's claims "arise[] out of or relate[] to her employment" and fall within the scope of the Agreement. (Doc.13 at 10). According to the Agreement, the parties agreed "to resolve any formal dispute through arbitration instead of litigation." (Doc. 13 at 9). Therefore, the Court determines that the present dispute is arbitrable and the Agreement is valid and enforceable between the parties.

Plaintiff further contends that the defendants' demand for arbitration is untimely and barred by equitable estoppel and laches. (Doc. 16 at 3-4). Plaintiff claims that, as a result of defendants' delay in compelling arbitration, she will not have a venue in which to vindicate her ADA claims. (*Id*. at 5). Plaintiff asserts that she issued a demand for compensation as early as May 26, 2017, and notes that defendants did not move to compel arbitration until November 20, 2018. *Id*. In response to plaintiff's timeliness concerns, the Court defers to the binding arbitration agreement signed by both parties, which states: "[t]he arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration." (Doc. 13 at 12).

Under the FAA, Congress requires courts to "respect and enforce agreements to arbitrate; it also specifically directed [courts] to respect and enforce the parties' chosen arbitration

procedures." *Epic Sys. Corp. v. Lewis,* 138 S. Ct. 1612, 1621 (2018). Notably, courts within the Tenth Circuit, including in this District, have recently compelled arbitration under circumstances similar to those present here. *See Sanders v. Shadow Mountain Behavioral Health Sys., LLC,* No. 18-CV-0574-CVE-FHM, 2019 WL 404984, (N.D. Okla. Jan. 31, 2019)*; Rich v. DCT Enters. of Okla.*, No. Civ-18-20-W 2018 WL 9816098 (W.D. Okla. June 5, 2018); *Munoz v. Green Country Imports, LLC*, No. 12-CV-322-GKF, 2012 WL 4736332 (N.D. Okla. Oct. 3, 2012). Because the Agreement obligates both parties to resolve their employment-related disputes through arbitration, the defendants' motion to compel arbitration should be granted.

The FAA further provides for a stay of proceedings in federal district courts "when an issue in the proceeding is referable to arbitration, and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002); 9 U.S.C. §§ 3, 4. Pursuant to the FAA, "the court . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…" 9 U.S.C. § 3. "The proper course" is for the district court to stay, rather than dismiss, the action pending arbitration. *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994).

Accordingly, the motion to compel arbitration and to stay the case (Doc. 13) is granted. The defendants' motion to dismiss is denied. The parties are directed to submit plaintiff's claims to binding arbitration, and this case is stayed pending arbitration. The Clerk of Court shall administratively close this case, pending further Order of this Court.

SO ORDERED this 19th day of November, 2019.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT